```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF NEW YORK

-------------------------------X    Docket#
UNITED STATES OF AMERICA,       :   12-cr-280(FB)(RLM)
                                :
    - versus -                  :   U.S. Courthouse
                                :   Brooklyn, New York
JOSE ORTIZ,                     :
              Defendant         :   December 3, 2012
-------------------------------X
```

```
           TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
             BEFORE THE HONORABLE ROANNE L. MANN
                UNITED STATES MAGISTRATE JUDGE
```

**A   P   P   E   A   R   A   N   C   E   S:**

**For the Government**:            **Loretta E. Lynch, Esq.**
                                   United States Attorney

                             BY:   **Una A. Dean, Esq.**
                                   Assistant U.S. Attorney
                                   271 Cadman Plaza East
                                   Brooklyn, New York  11201


**For the Defendant**:             **Len H. Kamdang, Esq.**
                                   Federal Defenders of
                                      New York, Inc.
                                   One Pierrepont Plaza
                                   16th Floor
                                   Brooklyn, NY 11241



**Transcription Service**:         **Transcriptions Plus II, Inc.**
                                   740 Sharon Road
                                   Copiague, New York 11726
                                   Lafertype@verizon.net



Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1  THE CLERK: Criminal Cause for Pleading, docket
2 number 12-cr-280, United States v. Jose Ortiz.
3  Counsel, please state your appearance for the
4 record.
5  MS. DEAN: Una Dean for the United States.
6  Good afternoon.
7  THE COURT: Good afternoon.
8  MR. KAMDANG: Good afternoon, your Honor.
9  Len Kamdang on behalf of Jose Ortiz who is on
10 his way in the back.
11  THE COURT: Good afternoon. Please be seated.
12  Mr. Ortiz is now at counsel table with his
13 attorney.
14  Mr. Ortiz, I have before me an order of
15 referral from Judge Block, the district court judge
16 assigned to this case. There's a consent portion at the
17 bottom.
18  Is that your signature?
19  THE DEFENDANT: Yes, your Honor.
20  THE COURT: Have you read this document and
21 discussed it with your attorney?
22  THE DEFENDANT: Yes, your Honor.
23  THE COURT: Do you understand what you've
24 agreed to by signing this document?
25  THE DEFENDANT: Yes, your Honor.

Transcriptions Plus II, Inc.

Proceedings 3

1 THE COURT: I want to make sure that you do
2 understand. This is Judge Block's case. He's a United
3 States district court judge. And he is the judge who
4 will sentence you and make the ultimate decision as to
5 whether to accept your guilty plea. If you wish, you
6 have the absolute right to have Judge Block listen to
7 your plea and if you choose to do that, there will be no
8 prejudice or harm to you.
9  Do you understand that?
10  THE DEFENDANT: Yes, your Honor.
11  THE COURT: On the other hand if you wish, I
12 will listen to your plea. I'm a United States magistrate
13 judge. This proceeding is being recorded. A transcript
14 will be made of the proceeding and Judge Block will
15 review it to decide whether to accept your plea. He'll
16 also review it in connection with your sentence.
17  Do you understand that?
18  THE DEFENDANT: Yes, your Honor.
19  THE COURT: Do you wish to give up your right
20 to have Judge Block listen to your plea and are you
21 prepared to proceed before me at this time?
22  THE DEFENDANT: Yes.
23  THE COURT: Do you make this decision
24 voluntarily and of your own free will?
25  THE DEFENDANT: Yes, your Honor.

Proceedings

4

1  THE COURT: Have any promises or threats been
2  made to you to get you to agree to have me hear your
3  plea?
4  THE DEFENDANT: No.
5  THE COURT: You have to keep your voice up.
6  THE DEFENDANT: No, your Honor.
7  THE COURT: All right. I find that the
8  defendant's consent is knowing, intelligent and
9  voluntary.
10  Mr. Ortiz, before accepting your guilty plea,
11  there are a number of questions that I want to ask you to
12  make sure that it's a valid plea. If you don't
13  understand any of my questions, please say so and I'll
14  reword the question.
15  Would one of the clerks please swear the
16  defendant.
17  **J O S E   O R T I Z ,**
18  **    called as a witness, having been first duly sworn,**
19  **    was examined and testified as follows:**
20  THE CLERK: Please state your full name and
21  then spell your last name for the record.
22  THE DEFENDANT: Jose Ortiz, O-r-t-i-z.
23  THE COURT: Mr. Ortiz, you should understand
24  that having been sworn, your answers to my questions will
25  be subject to the penalties of perjury if you do not

                          Proceedings                          5

1  answer truthfully.
2           Do you understand that?
3           THE DEFENDANT:  Yes, your Honor.
4           THE COURT:  Mr. Ortiz, how old are you?
5           THE DEFENDANT:  I'm 26.
6           THE COURT:  How far did you go in school?
7           THE DEFENDANT:  Ninth -- tenth grade but I got
8  my GED.
9           THE COURT:  And are you now or have you
10 recently been under the care of a doctor or a
11 psychiatrist?
12          THE DEFENDANT:  No, your Honor.
13          THE COURT:  In the past 24 hours, have you
14 taken any narcotics, drugs, medicine or pills or drunk
15 any alcoholic beverages?
16          THE DEFENDANT:  No.
17          THE COURT:  Have you ever been hospitalized or
18 treated for a narcotic addiction or for any mental or
19 emotional problem?
20          THE DEFENDANT:  No, your Honor.
21          THE COURT:  Is your mind clear now?
22          THE DEFENDANT:  Yes.
23          THE COURT:  Do you understand what's going on
24 here now?
25          THE DEFENDANT:  Yes.

Proceedings

6

1    THE COURT:  Mr. Kamdang, have you discussed the
2 matter of pleading guilty with your client?
3    MR. KAMDANG:  Yes, your Honor.
4    THE COURT:  In your view, does he understand
5 the rights he'll be waiving by pleading guilty?
6    MR. KAMDANG:  Yes.
7    THE COURT:  Is he capable of understanding the
8 nature of these proceedings?
9    MR. KAMDANG:  Yes.
10   THE COURT:  Do you have any doubt as to his
11 competence to plead at this time?
12   MR. KAMDANG:  No.
13   THE COURT:  Have you advised him of the maximum
14 sentence and fine that can be imposed and have you
15 discussed with him the effect of the sentencing
16 guidelines?
17   MR. KAMDANG:  Yes.
18   THE COURT:  Mr. Ortiz, have you discussed your
19 case with your attorney and are you satisfied to have him
20 represent you?
21   THE DEFENDANT:  Yes.
22   THE COURT:  And again, I remind you to keep
23 your voice up.
24   THE DEFENDANT:  Yes, your Honor.
25   THE COURT:  Have you seen the indictment

                                                                7
                         Proceedings

1  that's been filed against you?
2           THE DEFENDANT:  Yes, your Honor.
3           THE COURT:  Have you consulted with Mr. Kamdang
4  about the indictment?
5           THE DEFENDANT:  Yes.
6           THE COURT:  The indictment contains one count
7  or charge; specifically, escape from custody.  In
8  substance, it alleges that on approximately September 15,
9  2011, you knowingly and intentionally escaped from the
10 custody of the United States Attorney General and from an
11 institution and facility in which you were confined by
12 direction of the United States Attorney General which
13 custody was by virtue of a conviction for the felony
14 offense of possession with intent to distribute crack
15 cocaine.
16          Do you understand that that's the charge
17 against you?
18          THE DEFENDANT:  Yes, your Honor.
19          THE COURT:  In order to prove you guilty of
20 that offense, the government would have to prove the
21 following beyond a reasonable doubt.
22          First, that on the date alleged in the
23 indictment, you were in federal custody.
24          Second, that you were confined by the direction
25 of the attorney general of the United States for

```
                                                                 8
                         Proceedings
 1  conviction of an offense.  In this case, possession with
 2  intent to distribute crack cocaine.
 3           Third, the government would have to prove that
 4  you departed the facility or institution without
 5  permission.
 6           And fourth, the government would have to prove
 7  that you acted knowingly and intentionally and that you
 8  knew that you did not have permission to leave federal
 9  custody.
10           Do you understand that charge?
11           THE DEFENDANT:  Yes, your Honor.
12           THE COURT:  I now want to talk with you about
13  the rights that you'll be giving up by pleading guilty
14  but the first and most important thing you have to
15  understand is that you have an absolute right to plead
16  not guilty.
17           Do you understand that?
18           THE DEFENDANT:  Yes, your Honor.
19           THE COURT:  If you plead not guilty, then under
20  the Constitution and laws of the United States, you are
21  entitled to a speedy and public trial by jury with the
22  assistance of counsel on the charge contained in the
23  indictment against you.
24           Do you understand that?
25           THE DEFENDANT:  Yes, your Honor.
```

Proceedings

9

1     THE COURT:  You have the right to be
2  represented by an attorney and if necessary, to have the
3  Court appoint an attorney, not only at trial but at every
4  other stage of the proceeding.
5     Do you understand that?
6     THE DEFENDANT:  Yes, your Honor.
7     THE COURT:  At the trial, you would be presumed
8  to be innocent and the government would have to overcome
9  that presumption and prove you guilty by competent
10 evidence and beyond a reasonable doubt.
11    You would not have to prove that you were
12 innocent.  And if the government failed to prove you
13 guilty beyond a reasonable doubt, the jury would have the
14 duty to find you not guilty.
15    Do you understand that?
16    THE DEFENDANT:  Yes, your Honor.
17    THE COURT: In the course of the trial, the
18 witnesses for the government would have to come to court
19 and testify in your presence.  And your attorney would
20 have the right to cross-examine the witnesses for the
21 government, to compel the attendance of witnesses and to
22 offer evidence on your behalf.
23    Do you understand that?
24    THE DEFENDANT:  Yes.
25    THE COURT:  At a trial, while you would have

```
                                                             10
                         Proceedings
 1  the right to testify if you chose to do so, you could not
 2  be required to testify.  Under the Constitution of the
 3  United States, you cannot be compelled to incriminate
 4  yourself.  If you decided not to testify, the Court would
 5  at your lawyer's request, instruct the jurors that they
 6  could not hold that against you.
 7            Do you understand that?
 8            THE DEFENDANT:  Yes, your Honor.
 9            THE COURT:  If you plead guilty and the Court
10  accepts your plea, you'll be giving up your
11  constitutional right to a trial and the other rights that
12  I have just discussed.  There will be no further trial of
13  any kind and no right of appeal from the judgment of
14  guilty.  The Court will simply enter a judgment of guilty
15  on the basis of your guilty plea.
16            Do you understand that?
17            THE DEFENDANT:  Yes.
18            THE COURT:  If you plead guilty, I will have to
19  ask you questions about what you did in order to satisfy
20  myself and Judge Block that you are, in fact, guilty of
21  the charge to which you seek to plead guilty.  And you'll
22  have to answer my questions and admit your guilt.  In
23  that way, you will be giving up your right not to
24  incriminate yourself.
25            Do you understand that?
```

```
                                                               11
                         Proceedings
 1             THE DEFENDANT:  Yes.
 2             THE COURT: Are you willing to give up your
 3  right to a trial and the other rights that I have just
 4  discussed?
 5             THE DEFENDANT:  Yes, your Honor.
 6             THE COURT:  I'm informed that the defendant
 7  will not be pleading guilty pursuant to any written
 8  agreement with the government.
 9             Is that correct, counsel?
10             MS. DEAN:  That's my understanding, your Honor.
11             MR. KAMDANG:  That's correct, your Honor.
12             THE COURT:  And Mr. Ortiz, that's your
13  understanding as well?
14             MS. DEAN:  Yes, your Honor.
15             THE COURT:  Mr. Ortiz, have any oral promises
16  or understanding been reached to get you to agree to
17  plead guilty?
18             THE DEFENDANT:  No, your Honor.
19             THE COURT:  I now want to talk with you about
20  the sentencing scheme that's applicable here.  The
21  statute that you're accused of violating carries a prison
22  term of up to five years.
23             Do you understand that?
24             THE DEFENDANT:  Yes, your Honor.
25             THE COURT:  In addition to a prison term, the
```

Proceedings

12

1  sentencing court can also impose a supervised release
2  term of up to one year.  The supervised release term
3  would follow any term of imprisonment and if you violated
4  condition of supervised release, you could then be sent
5  back to prison for up to an additional year, regardless
6  of how much time you may already have spent in prison or
7  on post-release supervision.
8          Do you understand that?
9          THE DEFENDANT:  Yes, your Honor.
10         THE COURT:  In addition, the sentencing court
11 will impose a mandatory $100 special assessment.
12         Do you understand that?
13         THE DEFENDANT:  Yes, your Honor.
14         THE COURT:  I now want to talk with you about
15 the sentencing guidelines.  Under the Sentencing Reform
16 Act of 1984, the United States Sentencing Commission has
17 issued guidelines for judges to consider in determining
18 the sentence in a criminal case.
19         In determining the sentence, the Court is
20 obligated to calculate the applicable sentencing
21 guidelines range and to consider that range, possible
22 departures under the guidelines and other sentencing
23 factors including those specified by statute.
24         Do you understand that?
25         THE DEFENDANT:  Yes, your Honor.

13
Proceedings

1 THE COURT: Have you and your attorney talked
2 about how the guidelines might apply to your case?
3 THE DEFENDANT: Yes, your Honor.
4 THE COURT: You should understand that
5 Judge Block will not be able to do the guideline
6 calculation for your case until after the probation
7 department has prepared a presentence report and you and
8 your attorney had an opportunity to read it and to
9 challenge the facts reported by the probation officer.
10 Do you understand that?
11 THE DEFENDANT: Yes, your Honor.
12 THE COURT: You should also understand that
13 after it's been determined what guideline applies to a
14 case, the judge has the authority to impose a sentence
15 that is more severe or less severe than the sentence
16 called for by the guidelines, depending on what is a
17 reasonable sentence.
18 Do you understand that?
19 THE DEFENDANT: Yes.
20 THE COURT: I'm now going to ask the attorneys
21 to give their best estimate of what the guideline range
22 of imprisonment is likely to be but I want you to keep in
23 mind that the attorney's estimates are not binding upon
24 Judge Block, even if both the prosecutor and your lawyer
25 happen to be in agreement.

```
                                                              14
                        Proceedings
 1           Do you understand that?
 2           THE DEFENDANT:  Yes.
 3           THE COURT:  Ms. Dean, I take it the
 4  government's calculation is set forth in the draft plea
 5  agreement that the defendant is not pleading guilty to
 6  but that's been furnished to the Court.
 7           Is that correct?
 8           MS. DEAN:  That's correct, your Honor.
 9           THE COURT:  And you've adjusted -- you've
10  estimated an adjusted offense level of nine and if the
11  defendant demonstrates acceptance of responsibility and
12  obtains a two level reduction, resulting in an adjusted
13  offense level of seven, he would then fall within -- the
14  range of imprisonment would be 12 to 18 months assuming
15  that the defendant is in criminal history category five.
16           Is that correct?
17           MS. DEAN:  That's correct, your Honor.
18           THE COURT:  And Mr. Kamdang, have you done your
19  own calculation under the guidelines?
20           MR. KAMDANG:  I have, your Honor.
21           THE COURT:  What is the result of your
22  calculation?
23           MR. KAMDANG:  Your Honor, right now it's the
24  same.  We would reserve our sentencing arguments for
25  sentencing.  There might be an issue with the YO
```

                                                                15
                            Proceedings

1    conviction that counts additionally and --
2              THE COURT:  I'm sorry, there might be what?
3              MR. KAMDANG:  A youthful offender conviction
4    that may or may not count.  The other issue, and this is
5    no fault of the government, the nature of rap sheets are
6    sometimes difficult to follow and the documentation I've
7    seen is a little challenging, so I would want to confirm
8    some of the convictions.  I spoke with the government
9    about their calculation.  I understand the government's
10   reasoning.  As I stand here, I've seen nothing that
11   contradicts that but before sentencing, I would want to
12   walk through the convictions to make sure that all of
13   those convictions are valid.
14             THE COURT:  All right.  Mr. Ortiz, any issues
15   about the guidelines including but not limited to the
16   appropriate criminal history category would be up to
17   Judge Block to resolve.
18             Do you understand that?
19             THE DEFENDANT:  Yes, your Honor.
20             THE COURT:    You should also understand that
21   parole has been abolished and that if you're sentenced to
22   prison you will not be released on parole.
23             Do you understand that?
24             THE DEFENDANT:  Yes.
25             THE COURT:  Do you have any questions you would

```
                                                            16
                         Proceedings
 1   like to ask me about the charge, your rights or anything
 2   else relating to this matter?
 3             THE DEFENDANT:  No.
 4             THE COURT:  Are you ready to plead?
 5             THE DEFENDANT:  Yes.
 6             THE COURT:  Mr. Kamdang, do you know any reason
 7   why Mr. Ortiz should not plead guilty?
 8             MR. KAMDANG:  No, your Honor.
 9             THE COURT:  Are you aware of any viable legal
10   defense to the charge?
11             MR. KAMDANG:  No, your Honor.
12             THE COURT:  Mr. Ortiz, what is your plea to the
13   one count in the indictment; guilty or not guilty?
14             THE DEFENDANT:  Guilty.
15             THE COURT:  Are you making this plea of guilty
16   voluntarily and of your own free will?
17             THE DEFENDANT:  Yes.
18             THE COURT:  Has anyone threatened or forced you
19   to plead guilty?
20             THE DEFENDANT:  No.
21             THE COURT:  Other than the -- has anyone made
22   any promise that has caused you to plead guilty?
23             THE DEFENDANT:  No, your Honor.
24             THE COURT:  Has anyone made any promise to you
25   as to what your sentence will be?
```

                                                                17
                            Proceedings

1           THE DEFENDANT:  No, your Honor.
2           THE COURT:  Again, the indictment alleges that
3  on approximately September 15, 2011, you knowingly and
4  intentionally escaped from the custody of the United
5  States Attorney General and from an institution and
6  facility in which you were confined by direction of the
7  Attorney General, which custody was pursuant to a
8  conviction for possession with intent to distribute crack
9  cocaine.
10          Did you, in fact, do that?
11          THE DEFENDANT:  Yes, your Honor.
12          THE COURT: Would you tell me in your words what
13 you did that makes you guilty of that offense?
14          THE DEFENDANT: I walked out of the halfway
15 house.  I left without permission and I didn't come back.
16          THE COURT:  And was that on approximately
17 September 15, 2011?
18          THE DEFENDANT:  Yes, your Honor.
19          THE COURT:  Were you in that halfway house
20 following a federal conviction for possession with intent
21 to distribute crack cocaine?
22          THE DEFENDANT:  Yes, your Honor.
23          THE COURT:  And at the time that you left the
24 facility and didn't return, did you know that you had no
25 right to leave it?

```
                                                              18
                        Proceedings
1             THE DEFENDANT:  Yes, your Honor.
2             THE COURT:  And you knew it was wrong to do
3    that?
4             THE DEFENDANT:  Yes, your Honor.
5             THE COURT:  Ms. Dean, is there anything further
6    that you would like me to inquire of the defendant?
7             MS. DEAN:  No, your Honor, that suffices.
8             THE COURT:  And I think it's been clear but you
9    knew you didn't have permission to leave.
10            Is that correct?
11            THE DEFENDANT:  Yes, your Honor.
12            THE COURT:  All right.  Based on the
13   information provided to me, I find that Mr. Ortiz is
14   acting voluntarily, that he fully understands his rights
15   and the consequences of his plea and that there is a
16   factual basis for the plea.
17            I, therefore, recommend acceptance of the plea
18   of guilty to the one count in the indictment.
19            The probation department will be setting a date
20   for sentence and will also be preparing a presentence
21   report.  Mr. Ortiz, I urge you to cooperate with the
22   probation officer.
23            Is there anything further?
24            MR. KAMDANG:  No, your Honor.
25            MS. DEAN:  Not from the government.  Thank you.


                   Transcriptions Plus II, Inc.
```

19

Proceedings

1  THE COURT: Thank you very much.
2  THE DEFENDANT: Thank you.
3  MS. DEAN: Thank you.
4       (Matter concluded)
5            -o0o-

20

**C E R T I F I C A T E**

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **8th** day of **January**, 2013.

*Linda Ferrara*
Linda Ferrara

CET**D 656
Transcriptions Plus II, Inc.